George Beisheim, J.
This is an action brought pursuant to sections 296 and 297 of the Executive Law. The complaint alleges that plaintiff is the wife of one Jerome Weinstein, an individual against whom an allegedly unlawful discriminatory practice was committed arising from his employment with the defendant Hospital For Joint Diseases & Medical Center by defendants and by reason of which plaintiff allegedly suffered mental anguish and pain for which she is allegedly entitled to recover damages.
Section 296 (subd 1, par [a]) as applicable, states as follows:
"1. It shall be an unlawful discriminatory practice:
"(a) For an employer, because of the age, race, creed, color, national origin, sex or disability of an individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.
* * *
"(e) For any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this article or because he has filed a complaint, testified or assisted in any proceeding under this article.”
Section 297, as applicable, states: "9. Any person claiming to be aggrieved by an unlawful discriminatory practice shall *367 have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate”.
After the commencement of the trial, defendants moved for dismissal on the ground that the plaintiff failed to state a cause of action because she was not an aggrieved person under the Executive Law (§ 297, subd 9) set forth above.
The plaintiff argues that the law is clear and unambiguous and that if the Legislature intended to limit an aggrieved person only to the individual against whom the unlawful discriminatory practice was committed, it would have stated the individual claiming to be aggrieved rather than "any person claiming to be aggrieved” and that the courts have consistently held that an aggrieved person is not limited to the individual against whom the unlawful discriminatory practice has been committed. (Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, 43 AD2d 807, and cases cited therein.)
Also, plaintiff offers in support of its position the case of State Division of Human Rights on the complaint of Edward Earle and Birdie Wilson v Eagles Rest Home and Alyce Freeman as president. In that case, the State Division of Human Rights ruled that the sister of a black man who had been unlawfully discriminated against was an aggrieved party under the law and was entitled to damages for mental anguish. The decision, including whether the sister was an aggrieved party, was raised on appeal to the State Human Rights Appeal Board, which affirmed the Division’s decision in all respects.
The defendants argue that while it is true that an organization which, acting in a representative capacity, seeks to enforce the rights of a member, has been held to have standing to do so (Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, supra), there are no reported court cases where a cause of action has been held to exist on behalf of an individual who seeks relief based on discrimination of another.
The court agrees with defendants’ interpretation of the Batavia Lodge case (supra) and the court’s own research has not revealed any court case supporting plaintiff’s position. Moreover, the court is not bound by the above-mentioned administrative decision.
Accordingly, under the circumstances presented here, this court construes the meaning of any aggrieved person to mean *368 the individual who is the alleged victim of the alleged discriminatory practice and holds that the plaintiff is not an aggrieved person under the Executive Law. The complaint is dismissed on the ground that it fails to state a cause of action.