OPINION OF THE COURT
David B. Saxe, J.
The issue I must decide concerns the extraterritorial reach of the antidiscrimination laws of New York (Executive Law § 290 et seq.).
Plaintiff, a former employee of the defendant corporation, brings this action to redress alleged age discrimination. While a citizen of Canada and a resident of London, plaintiff was *729 employed by defendant Mobil Overseas Services, Inc., and was assigned to various locations in the United States, Venezuela, Norway and England, from 1958 to 1986. Plaintiff contends that his position was terminated pursuant to a decision of corporate headquarters in New York which decision resulted in a world-wide reduction in forces. He further alleges that his job functions were allocated among employees who are junior in both age and seniority to him.
Defendants move pursuant to CPLR 3211 (2) and (7) to dismiss plaintiffs’ first and second causes of action for lack of subject matter jurisdiction, and the third for failure to state a cause of action upon which relief can be granted.
The first and second causes of action allege violations of the New York Human Rights Law. Executive Law § 290 (3) specifically states: "The legislature hereby finds and declares that the state has the responsibility to act to assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life” (emphasis added). Defendant argues that the first and second causes of actions are barred by the above provision since plaintiff, a Canadian citizen and resident of London, cannot be deemed an individual "within this state” within the meaning and protection of the New York Human Rights Law.
The two issues before this court are (1) whether the application of the statute extends to a foreign citizen not residing in this State and (2) if so, whether the alleged discriminatory acts occurred in New York so that the matter is appropriately before this court.
In Matter of Walston & Co. v New York City Commn. on Human Rights (41 AD2d 238), a New York brokerage firm allegedly denied an Illinois resident’s request to open a commodity account with them because she was a woman. Following the filing of a complaint with the Human Rights Commission, the brokerage firm disputed the jurisdiction of the Commission to hear the matter. Faced directly witii the question of whether this State’s Human Rights Law applies only to residents of New York State, the First Department squarely held that the statute "clearly prohibits] discrimination against nonresidents in * * * New York State” (41 AD2d 238, 241, supra). The court then went on to reverse a lower court’s ruling that the Human Rights Commission lacked jurisdiction, explaining that the issue of jurisdiction was in that case one of fact, and noting that a factual dispute existed regarding *730 whether the allegedly discriminatory acts had occurred in New York or in the brokerage firm’s Gary, Indiana, office.
In view of Walston (supra), I conclude that although the plaintiff in this action was not present in this State at the time of the alleged discriminatory act, he is not barred as a matter of law from asserting his claim under the Human Rights Law.
The issue of whether the alleged discriminatory act occurred in New York so as to render the statute applicable is, as was the case in Walston (supra), a factual question that cannot be decided on the papers herein; the parties dispute not only whether his firing was motivated by discriminatory intent, but also the site from which emanated the decision to terminate plaintiff’s position. This issue must await determination at trial.
The defendants’ motion is therefore denied as regards the first and second causes of action. However, plaintiffs’ third cause of action is hereby severed and dismissed. As defendants contend, plaintiff’s wife may not be considered an aggrieved person (see, Weinstein v Hospital for Joint Disease & Med. Center, 81 Misc 2d 366, affd 53 AD2d 627).