■ EDWARD N. IWANKOW, Respondent, et al., Plaintiff, v MOBIL CORPORATION et al., Appellants.—Order, Supreme Court, New York County (David Saxe, J.), entered May 6, 1988, which granted in part and denied in part defendants-appellants' motion to dismiss the complaint, unanimously modified, on the law, to grant appellants' motion as to the first two causes of action, and dismiss the complaint in its entirety, without costs.

Plaintiff-respondent Edward N. Iwankow, a Canadian citizen and a resident of London, England, was employed by defendant-appellant Mobil Overseas Services, Inc. During his 28 years as a Mobil employee he was assigned to work at various Mobil subsidiaries in the United States and abroad. Respondent was employed in New York State for a period of 2½ years, ending in February 1979. At the time his employment was terminated, on October 31, 1986, respondent had been employed in London for 3½ years. One year later, respondent commenced this action alleging violation of New York's Human Rights Law which bars discrimination in employment on account of age.

Appellants sought dismissal of the complaint for lack of subject matter jurisdiction over the first two causes of action and for failure to state a cause of action for injury to respondent's wife arising out of his allegedly unlawful termination. Supreme Court granted the motion as to the third cause of action for Mrs. Iwankow's injury, but denied the motion as to the first two causes of action, relying on *Matter of Walston & Co. v New York City Commn. on Human Rights* (41 AD2d 238 [1st Dept 1973]). However, as *Walston & Co.* is distinguishable on the facts, the court's reliance thereon was misplaced. Nor do we think that Executive Law § 298-a extends the State's jurisdiction to discrimination against a nonresident which occurs outside the State, given the legislative history of the 1975 enactment.

In *Walston & Co. (supra),* an Illinois resident who maintained a securities trading account was rejected when she sought to open a commodities futures account because she refused to sign a form which was not required of male applicants for such accounts. Although initially she addressed her request to the company's Gary, Indiana, office, her application was sent to the New York office and she was informed by that office that her application had been refused. This court, while noting that a question of fact existed as to where the discriminatory act occurred, held that New York's Human Rights Law prohibited discrimination against nonresidents "who come into New York for business or social purposes and meet discrimination in public accommodations" (41 AD2d, *supra,* at 241). In this case, however, the nonresident plaintiff did not "come into New York" in any sense. The only jurisdictional nexus asserted in the complaint, apart from the fact that defendants are domestic corporations, is that plaintiff's termination was part of a world-wide reduction in force which was decided upon at corporate headquarters in New York. How-

ever, plaintiff does not allege that the decision to implement this reduction in an age-discriminatory manner originated at corporate headquarters.

When New York's Human Rights Law was amended in 1975 by the addition of Executive Law § 298-a, the Legislature intended to extend the jurisdictional reach of the antidiscrimination statute. The memorandum of the Executive Director of the Law Revision Commission states that the new section was intended "to extend the whole article extra-territorially so that it applies to acts committed outside the state by state residents and non-residents alike *against state residents."* (Bill Jacket, L 1975, ch 662, § 2; emphasis supplied.) Thus, absent an allegation that a discriminatory act was committed in New York or that a New York State resident was discriminated against, New York's courts have no subject matter jurisdiction over the alleged wrong. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rosenberger, JJ. *[See,* 139 Misc 2d 728.]