**Beverly THOMAS, individually and as class representative, Plaintiff,**

v.

**TEXACO, INCORPORATED, Defendant.**

**No. 97CIV.3237(BDP)(MDF).**

United States District Court,
S.D. New York.

March 27, 1998.

Stuart D. Wechsler, Richard B. Brualdi, Wechsler, Harwood, Halebian & Feffer, LLP, New York, NY, for Plaintiff.

Gregory I. Rasin, Elise M. Bloom, Jackson, Lewis, Schnitzler & Krupman, New York, NY, for Defendant.

## ORDER MODIFYING REPORT AND RECOMMENDATION

PARKER, District Judge.

Plaintiff Beverly Thomas brought this suit as a class action against defendant Texaco, Inc., seeking monetary damages and declaratory and injunctive relief for Texaco's failure to hire her. Plaintiff, who applied through EDP Temps in Los Angeles for a Customer Liaison position at Texaco, asserts that she was denied the opportunity to work at Texaco because of Texaco's racially discriminatory

1. Neither side objected to Magistrate Judge Fox's findings 1) deeming premature resolution of issues concerning the appropriateness of this lawsuit as a class action, and 2) declining to address

employment policies and practices, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.;* Section 1981 of the Civil Rights Act of 1871, 42 U.S.C. § 1981; Section 296 of the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296; and the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq.* Both parties moved for summary judgment.

On February 27, 1998, Magistrate Judge Mark D. Fox issued a Report and Recommendation in this case, recommending denial of both parties' motions for summary judgment on the issue of whether plaintiff was an employee or independent contractor. In addition, Magistrate Judge Fox 1) deemed premature resolution of issues concerning the appropriateness of this lawsuit as a class action; 2) declined to dismiss plaintiff's claim under NYHRL; and 3) declined to address the allegations that defendant's denial of employment to plaintiff was racially motivated. Both plaintiff and defendant timely filed objections. The defendant contends that plaintiff was an independent contractor for purposes of this lawsuit, and that plaintiff's NYHRL claim should be dismissed. The plaintiff, on the other hand, argues that the position for which she applied was one of a Texaco employee. This Court will review the contested portions of Magistrate Judge Fox's Report and Recommendation *de novo.*[1] For the following reasons, defendant's motion for summary judgment is denied part and granted in part. Plaintiff's cross-motion for summary judgment is denied. Plaintiff's NYHRL claims are dismissed.

## BACKGROUND

The following facts are undisputed. Plaintiff Beverly Thomas, an African American resident of Los Angeles, California, filed this suit against Texaco, Inc. Through EDP Temps, which provides temporary computer support services to companies such as Texaco, Thomas' resume was forwarded to Texaco by George Ferra, who was EDP's Los Ange-

allegations that defendant's denial of employment to plaintiff was racially motivated. I therefore adopt those conclusions of Magistrate Judge Fox.

les accounts manager from August 1989 to January 1997.

Temporary employees hired by Texaco through EDP would submit weekly time cards to EDP that were signed by a Texaco manager. EDP, which charged Texaco for its services to produce a profit, then paid the employees wages depending on the number of hours worked. EDP handled the payroll transactions concerning deductions and taxes, and provided health insurance and a 401K plan to employees who qualified for those benefits.

In late October or early November 1996, Ferra forwarded Thomas' resume to Randall McEuen, the Area Facilitator of the Information Technology Department at Texaco's University City Plaza, California facility. McEuen interviewed Thomas for a customer liaison position with Texaco, and declined to hire her. After being rejected from the customer liaison position, Thomas commenced this action, alleging that she was rejected on account of her race.

## DISCUSSION

 The parties agree that Title VII applies only to employees and not independent contractors. Defendant strenuously argues that plaintiff's deposition testimony that she applied to Texaco as a "contractor" controls the outcome of this question. As Magistrate Judge Fox properly notes, however, the label used to describe the position is not dispositive.[2] *See Frankel v. Bally, Inc.*, 987 F.2d 86, 90 (2d Cir.1993). As Magistrate Judge Fox further noted, plaintiff's counsel understood this concept and interposed appropriate objections when plaintiff, a layperson not qualified to give a legal conclusion as to whether the position to which she applied

was one of an employee or independent contractor, was questioned in her deposition as to whether she was applying for a contract position, and whether she was acting as an EDP employee in providing services to EDP's clients.

In addition, as Magistrate Judge Fox properly recognized, plaintiff's testimony that if she were chosen for the position, she would have had a contract with Texaco, and that the work she performs on a regular basis was that of a contractor does not preclude the possibility that for this position, she would be considered an employee. Further, plaintiff's understanding that the Customer Liaison position for which she applied may have become a Texaco full-time employee position after three to six months may well have meant that plaintiff would become a *full-time* rather than a *part-time* employee. Finally, defendant's citation to plaintiff's deposition testimony that the only two positions she applied for at Texaco were through EDP Temps and were contractor positions is inaccurate; all plaintiff testified to was that the second position for which she interviewed for was also through EDP, and that if she had been hired for that position, her paycheck would have come through EDP. In short, plaintiff's deposition testimony regarding whether she applied to Texaco as an employee or an independent contractor does not dispose of this issue.[3]

 Magistrate Judge Fox correctly found that common law agency principles will govern the question of whether plaintiff applied to Texaco as an employee or an independent contractor. Factors for consideration include:

2. As the label used to describe a position is not dispositive, Texaco's argument that plaintiff's application was not contained within files of applicants for *employee* positions and was not located until she represented that she applied for a position as a *contractor* proves nothing.

3. Defendant argues that plaintiff's deposition testimony is directly contradictory to her later Declaration and should thus be disregarded. Specifically, defendant argues that plaintiff's Declaration includes a list of topics that she now contends were discussed with McEuen during her job interview, but never mentioned when

asked in her deposition what was discussed during her interview. In her deposition, however, plaintiff was asked only one question about the extent of her discussions at that interview: "And what was discussed at that interview?" No additional questions were asked to exhaust plaintiff's recollection of this interview. Thus, the fact that plaintiff did not mention in her deposition that she and McEuen discussed the topics that she later cites in her Declaration does not directly contradict her deposition testimony. This Court can consider plaintiff's Declaration.

the hiring party's right to control the manner and means by which the product is accomplished.... the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*See, e.g., O'Connor v. Davis,* 126 F.3d 112, 115 (2d Cir.1997) (citations omitted), *cert. denied,* —— U.S. ——, 118 S.Ct. 1048, 140 L.Ed.2d 112 (1998) (citing *McFadden–Peel v. Staten Island Cable,* 873 F.Supp. 757, 761 (E.D.N.Y.1994)). All of the incidents of the relationship must be assessed and weighed; no one factor is decisive. *Frankel v. Bally, Inc.* 987 F.2d 86, 90 (2d Cir.1993) (citing *Nationwide Mutual Insurance Co. v. Darden,* 503 U.S. 318, 324, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)). "The determination of whether a plaintiff is an employee or an independent contractor is a question of law, while the existence and degree of the legal factors to be considered in this determination are questions of fact." *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1059 (2d Cir.1988).

Defendant contends that because plaintiff was not actually hired for the customer liaison position, consideration of the *McFadden–Peel* factors in terms of the characteristics of the position once it was filled is speculative and inappropriate. As Magistrate Judge Fox notes, however, neither the existence nor the characteristics of the position at issue here are speculative—the position both existed and was filled. In addition, accepting defendant's argument would effectively bar any failure to hire case under Title VII—in order to avoid suit, an employer need only label all positions as "independent contractor" positions; this label could never be challenged with evidence as to the position's actual duties.

Application of the *McFadden–Peel* factors in this case however, is inconclusive. Discrepancies between Thomas' Declaration and McEuen's deposition testimony preclude a grant of summary judgment at this juncture in the case. I therefore deny summary judgment for both parties on the issue of whether Thomas applied to Texaco as an independent contractor or an employee.

*NYHRL Claim*

■ Section 298–a of the NYHRL provides, in relevant part, that the NYHRL applies to acts "committed outside this state against a resident of this state ... if such act would constitute an unlawful discriminatory practice if committed within this state." *Beckett v. Prudential Ins. Co. of America,* 893 F.Supp. 234, 238 (S.D.N.Y.1995). "The NYHRL does not provide a non-resident with a private cause of action for discriminatory conduct committed outside of New York by a New York corporation." *Id.* citing *Iwankow v. Mobil Corp.,* 150 A.D.2d 272, 541 N.Y.S.2d 428 (1st Dept.1989). As Magistrate Judge Fox correctly noted, the current record shows that all of the relevant events occurred in California. I therefore dismiss plaintiff's claim under the NYHRL.

## CONCLUSION

For the reasons stated, this Court hereby modifies the Report and Recommendation of Magistrate Judge Fox. Defendant's motion for summary judgment is denied in part and granted in part. Plaintiff's NYHRL claim is dismissed. Plaintiff's motion for partial summary judgment is denied.

**SO ORDERED.**