**Larry RICE, Plaintiff–Appellant,**

v.

**WARTSILA NSD POWER DEVELOPMENT, INC., doing business as Wartsila Diesel, Inc., Donald J. Ennen, John Weisse, Defendants,**

**Scudder Kemper Investments, Inc., Illinova Generating Company, Continental Energy Services, Inc., Eyob Easwaran, Michael O'Neill, Defendants–Appellees.**

**No. 05–5032–cv.**

United States Court of Appeals, Second Circuit.

Sept. 18, 2006.

Larry Rice, pro se, Ballwin, MO, for Appellant.

Peter N. Hillman, Chadbourne & Parke LLP (Melissa J. LaRocca and Kimberly A. Horn, of counsel), New York, NY, for Appellee.

PRESENT: ROGER J. MINER, DENNIS JACOBS and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of September, two thousand six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Larry Rice, *pro se*, appeals from the August 19, 2003 judgment of the United States District Court for the Southern District of New York (Carter, *J.*) that *(inter alia)* dismissed the amended complaint, which alleged violations of New York's Labor Law, Article 6, §§ 191, 193 and 195 ("NY Labor Law"); breach of contract; and New York Executive Law, Article 15, § 296(1) ("New York Human Rights Law"). We assume the parties' familiarity with the facts, procedural background and issues presented for review.

This Court reviews *de novo* the district court's Rule 12(b)(b) dismissal. *See PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1197 (2d Cir.1996); *Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth.*, 23 F.3d 636, 639 (2d Cir. 1994).

(1) Rice argues that he is entitled to recover wages due to him under his employment contract under Article 6 of the N.Y. Labor Law. But his complaint nowhere alleges that he ever worked as a consultant for Jamaica Energy Partners ("JEP") (a partnership controlled by the defendants) and that he was anything other than an executive of JEP. *See* Rule 12(b)(6), Fed.R.Civ.P. (dismissal warranted where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief).

(2) The record supports the district court's conclusion that, during the arbitration proceedings, Rice had a sufficient opportunity to litigate his breach of contract claims. *See PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 491 (2d Cir.2004); *Benjamin v. Traffic Executive Ass'n E. R.R.*, 869 F.2d 107, 110 (2d Cir. 1989).

(3) Rice's New York Human Rights Law claim fails because he failed to claim that he was a resident of New York. *See Beckett v. Prudential Ins. Co. of Am.*, 893 F.Supp. 234, 238 (S.D.N.Y.1995); *Iwankow v. Mobil Corp.*, 150 A.D.2d 272, 273–74, 541 N.Y.S.2d 428 (1st Dep't 1989).

(4) We do not reach Rice's whistleblower retaliation claim given his failure to allege it in the amended complaint. *See* Rule 8(a), Fed.R.Civ.P.

(5) Rice has waived any challenge to the district court's dismissal of his "color, race, age and national origin" discrimination claim because he has briefed this issue only "in a perfunctory manner," and has provided no "developed argumentation" in support it. *Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir.2001) (internal quotation marks omitted).

We have considered all of Rice's remaining arguments and find them to be without merit. For the reasons set forth above,

the judgment of the district court is hereby **AFFIRMED.**